UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

GARRY DOOLEY,

            Plaintiff,                      Case No. 2:07-cv-51

v.                                                          Honorable Robert Holmes Bell

WILLIAM LUETZOW, et al.,

            Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

## **Discussion**

    I.    <u>Factual allegations</u>

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF). He brings this suit against the following AMF employees: Assistant Deputy Wardens (Unknown) Luetzow, (Unknown) Naples and (Unknown) MacLemore; Correction Officers (Unknown) Mackenzie, (Unknown) Morgan and (Unknown) Recker; Resident Unit Managers (Unknown) Smith and (Unknown) Jondreau; and Assistant Resident Unit Supervisor (Unknown) Perttu.

On May 17, 2006, Plaintiff was transferred from the general population at AMF to administrative segregation. A prisoner in this situation must generally receive his personal items within 24 hours. Officer Recker was responsible for packing Plaintiff's personal items. When Plaintiff did not receive his personal property, including items he claims were necessary to his religious practices, he made inquiries to Defendants MacLemore, Naples, Luetzow, Perttu, Smith Jondreau, and McKenzie. On May 25, 2006, Plaintiff filed a Step I grievance. On May 29, 2006, he was informed that his property would be arriving soon. Plaintiff received his property on May 30, 2006, and discovered that his tape player/Walkman, winter coat, shower shoes, and various cosmetic items were missing. Although not entirely clear, it appears he eventually received all of his property with the exception of his winter coat.

Plaintiff claims violations of his First, Fifth and Fourteenth Amendment rights. He seeks compensatory damages and an order prohibiting any harassment or retaliation by Defendants.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. Personal involvement**

Liability under § 1983 must be based on active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Defendant Recker allegedly failed to pack and transfer Plaintiff's personal property. However, the acts of one's subordinates are not enough to establish liability, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir.1998)). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee*, 199 F.3d at 300. Even assuming that Defendant Recker violated Plaintiff's constitutional rights, Plaintiff has failed to allege any facts demonstrating that the eight other Defendants actively engaged in unconstitutional behavior.

### B. Constitutional violations

Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon an allegedly random and unauthorized act of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of

property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him relief for the deprivation, either negligent or intentional, of his personal property.

Although Plaintiff alleged that he was deprived of religious items for twelve days, this does not rise to the level of a First Amendment violation. The alleged temporary deprivation was not the result of a prison policy or regulation, but rather, the intentional or negligent failure of Officer Recker to pack Plaintiff's property in a timely manner. The Sixth Circuit held in *Williams v. Campbell*, 205 F.3d 1340 (6th Cir. 2000) that the plaintiffs' "allegations that their religious tapes were confiscated . . . are not constitutional violations, but they may constitute claims for deprivation of property." *Id.*; *see also Shidler v. Moore*, 409 F. Supp. 2d 1060, 1068-69 (N.D. Ind. 2006) (finding that prisoner being prevented from engaging in communal worship for 39 days for procedural reasons did not state a claim); *McClaflin v. Pearce*, 743 F. Supp. 1381, 1384 (D.Or. 1990) (finding that the temporary absence of a Catholic priest does rise to the level of a violation of freedom to exercise religion); *Allah v. Stachelek*, No. 95-7593, 1998 WL 281930, at *5 ((E.D.Pa. May 29, 1998) (finding that the brief cessation of religious services does not constitute a violation of the First Amendment).

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 17, 2007

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).